IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK SIMS,<br>    Petitioner | : <br> : <br> : | <br> No. 1:20-cv-2246 |
| v. | : <br> : | <br> (Judge Rambo) |
| MICHAEL CLARK, *et al.*,<br>    Respondents | : <br> : | |

<u>**MEMORANDUM**</u>

Before the Court is *pro se* Petitioner Roderick Sims ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and numerous addenda thereto (Doc. Nos. 11, 13, 14, 16, 18, 24, 28, 30, 47). Following an Order to show cause (Doc. No. 31) and after receiving an extension of time (Doc. Nos. 32, 33), Respondents have filed a response asserting that Petitioner's § 2254 petition is untimely (Doc. No. 52). After receiving an extension of time to do so (Doc. Nos. 53, 54), Petitioner filed his traverse on December 2, 2021 (Doc. No. 55) and another motion to amend on December 7, 2021 (Doc. No. 56). Accordingly, Petitioner's § 2254 petition is ripe for disposition.

**I.    BACKGROUND**

    **A.    Procedural History**

"On September 27, 2008, [Petitioner] shot and killed Charity Sprickler and threatened two other individuals who were in the residence with Ms. Sprickler." *Commonwealth v. Sims*, 15 MDA 2013, 2013 WL 11253791, at *1 (Pa. Super. Ct.

Sept. 11, 2013). On October 31, 2012, following a jury trial in the Court of Common Pleas for Union County, Pennsylvania, Petitioner was found guilty of burglary, second-degree murder, and two (2) counts of terroristic threats. (Doc. No. 52-1 at 4.) On November 2, 2012, the trial court sentenced Petitioner to life imprisonment for the second-degree murder conviction; five (5) to twenty (20) years' incarceration for burglary; and two (2) consecutive sentences of one (1) to five (5) years' imprisonment for the convictions for terroristic threats. (*Id.* at 5-6.) Petitioner appealed, and on September 11, 2013, the Superior Court of Pennsylvania affirmed his judgment of sentence. *See Sims*, 2013 WL 11253791, at *6. On September 22, 2014, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Commonwealth v. Sims*, 629 Pa. 636 (2014).

On March 9, 2015, Petitioner filed a Post Conviction Relief Act ("PCRA") petition in the Court of Common Pleas for Union County. (Doc. No. 52-1 at 21.) After filing several amendments and other filings, he moved to withdraw this PCRA petition. (*Id.* at 23.) The PCRA court granted his motion to withdraw his PCRA petition on August 15, 2015. (*Id.*) Petitioner filed a second PCRA petition on July 5, 2016. (*Id.* at 25.) On August 8, 2016, he moved to withdraw that petition, and the PCRA court granted that motion on August 11, 2016. (*Id.* at 26.)

Petitioner filed a third PCRA petition on August 12, 2016, and counsel was subsequently appointed to represent him. (*Id.*) On October 31, 2016, counsel filed

an amended PCRA petition on Petitioner's behalf. *Commonwealth v. Sims*, No. 371 MDA 2017, 2017 WL 6523381, at *1 (Pa. Super. Ct. Dec. 21, 2017). On January 17, 2017, the PCRA court dismissed Petitioner's amended PCRA petition as untimely. *Id.* The Superior Court affirmed that dismissal on December 21, 2017. *Id.* at *5. On August 7, 2018, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Commonwealth v. Sims*, 649 Pa. 1 (2018).

On September 27, 2018, Petitioner filed another PCRA petition, which the PCRA court dismissed as untimely on October 25, 2018. *See Commonwealth v. Sims*, No. 1828 MDA 2018, 2019 WL 3307922, at *1 (Pa. Super. Ct. July 23, 2019). The Superior Court affirmed that dismissal on July 23, 2019. *Id.* at *4. On April 1, 2020, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Commonwealth v. Sims*, 228 A.3d 485 (Pa. 2020). On July 30, 2020, Petitioner filed a motion for DNA testing, which the trial court denied on August 4, 2020. *Commonwealth v. Sims*, 251 A.3d 445, 446-47 (Pa. Super. Ct. 2021). On appeal, the Superior Court deemed Petitioner's motion to be another PCRA petition and deemed it untimely filed. *Id.* at 447-48. The Superior Court also noted that Petitioner's claims were "duplicative of those raised and addressed in the appeal of his third PCRA Petition, which this Court also dismissed as untimely." *Id.* at 447. On October 18, 2021, the Supreme Court of Pennsylvania denied Petitioner's

3

petition for allowance of appeal. *Commonwealth v. Sims*, 318 MAL 2021, 2021 WL 4840810 (Pa. Oct. 18, 2021).

## B.   Habeas Claims Presented

Petitioner filed the instant § 2254 petition on November 24, 2020, the date on which he asserts he placed it in the prison mailing system for mailing to this Court. (Doc. No. 1 at 15); *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he places it in the prison mailing system for forwarding to the court). Petitioner raises the following claims for relief in his § 2254 petition:

1. Petitioner's Sixth Amendment rights were violated because he was convicted by an all-Caucasian jury, and trial counsel was ineffective for failing to request that African-Americans serve on the jury;

2. The Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by having Petitioner's blood samples destroyed;

3. The Commonwealth violated Petitioner's right to a speedy trial; and

4. Trial counsel rendered ineffective assistance by: (1) refusing to have Petitioner evaluated by a psychiatrist due to his use of Vicodin and alcohol on the night of the incident; (2) refusing to request dismissal of the charges after learning that the blood test results had been tampered with; (3) refusing to present several witnesses for character and exculpatory evidence; and (4) failing to effectively cross-examine key Commonwealth witnesses. Appellate counsel rendered ineffective assistance by failing to "perfect [Petitioner's] appeal or consult [him] on [the] appeal."

(Doc. No. 1.) Petitioner reiterates these claims in his numerous addenda, and also asserts that:

1. He was arrested without probable cause and without being provided his warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966);
2. There was insufficient evidence to support his convictions because of his use of Vicodin and alcohol on the date in question; and
3. He was not provided the assistance of counsel during proceedings for his first PCRA petition.

## II. STANDARD OF REVIEW

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." *Id.* States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). If a claim

presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

## III. DISCUSSION

As noted above, Respondents argue that Petitioner's § 2254 petition is untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. This statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

Under this statute of limitation, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the applicable starting point for the statute of limitation is the "conclusion of direct review or the expiration of the time for seeking such review." *Id.* The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on September 22, 2014. *See Sims*, 629 Pa. at 636. Petitioner's conviction, therefore, became final on December 22, 2014, when the ninety (90)-day period for seeing a writ of certiorari from the United States Supreme Court expired. *See Kapral v. Untied States*, 166 F.3d 565, 575 (3d Cir. 1999). Therefore, Petitioner had one (1) year from December 22, 2014, or until December 22, 2015, to file a timely § 2254 petition. As noted *supra*, Petitioner filed his § 2254 petition on November 24, 2020, the date on which he asserts he placed it in the prison

mailing system for mailing to this Court. (Doc. No. 1 at 15.) Consequently, unless it is subject to statutory or equitable tolling, Petitioner's § 2254 petition is jurisdictionally time-barred.

### A.   Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(2). An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *See Artuz v. Bennett*, 431 U.S. 4, 8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for *certiorari*." *See Lawrence v. Florida*, 549 U.S. 327, 333-36 (2007).

Here, 78 days of the limitations period elapsed until Petitioner filed a timely PCRA petition on March 9, 2015. (Doc. No. 52-1 at 21.) This PCRA petition remained pending until August 15, 2015, when the PCRA court granted Petitioner's motion to withdraw the PCRA petition. (*Id.* at 23.) At this point, the statute of

limitations, of which remained 287 days, began running again.  The limitations period expired on May 30, 2016.

As noted *supra*, Petitioner filed a second PCRA petition on July 5, 2016, and the PCRA court granted his motion to withdraw that motion on August 11, 2016. (Doc. No. 52-1 at 25-26.)  Moreover, Petitioner's subsequent PCRA petitions were all dismissed as untimely.  *See Sims*, 251 A.3d at 447-48; *Sims*, 2019 WL 3307922, at *4; *Sims*, 2017 WL 6523381, at *5.  However, these submissions were filed after the expiration of the AEDPA statute of limitations.  Petitioner, therefore, is not entitled to statutory tolling for the time period during which these petitions for relief were pending before the state courts.  *See Schlueter v. Varner*, 384 F.3d 69, 78-79 (3d Cir. 2004).[1]

Thus, at the time the PCRA court granted Petitioner's motion to withdraw his first PCRA petition on August 15, 2015, 287 days remained of the federal limitations period.  Petitioner, therefore, had until May 30, 2016 to file a timely § 2254 petition. He did not file his § 2254 petition until November 24, 2020, well more than four (4) years after the limitations period had expired.

---

[1] In any event, Petitioner's untimely PCRA petitions would not operate to toll the statute of limitations.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2008), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 14 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)).  Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations.  *Id.* at 417 (noting that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)").

### B. Belated Commencement of the Limitations Period

In his addenda, Petitioner appears to suggest that he is entitled to belated commencement of the limitations period pursuant to § 2244(d)(1)(D). (Doc. No. 14 at 1.) According to Petitioner, blood samples, which would have proved his level of intoxication, were destroyed by LabCorp employees. (*Id.*) Petitioner avers that these samples would have demonstrated that he had used Vicodin and alcohol on the date in question, and that "this question of DNA evidence was not raised at trial." (*Id.*) He suggests that if this evidence had been presented "it is more likely than not that no reasonable juror would have convicted" him. (Doc. No. 16 at 1.)

As noted above, § 2244(d)(1)(D) provides that the limitations period may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "[T]o satisfy § 2244(d)(1)(D)'s 'due diligence' standard, a prisoner must exercise 'reasonable diligence in the circumstances.'" *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005) (quoting *Schlueter*, 384 F.3d at 74). "That inquiry 'is context-specific,' and '[t]he fact that we require a petitioner in one situation to undertake certain actions does not necessitate that we impose the same burden on all petitioners.'" *Bracey v. Sup't Rockview SCI*, 986 F.3d 274, 286 (3d Cir. 2021) (quoting *Wilson*, 426 F.3d at 661).

In the instant case, however, Petitioner's allegedly new evidence was one of many issues raised in his numerous state PCRA petitions. *See Burke v. Sec'y Pa. Dep't of Corr.*, 747 F. App'x 895, 897 (3d Cir. 2018) (concluding that § 2244(d)(1)(D) did not apply for the same reason).  Indeed, Petitioner has submitted a letter he received from trial counsel dated July 7, 2009, three (3) years before his trial, in which counsel informed him that the laboratory had destroyed his blood samples after determining that they had yielded negative results. (Doc. No. 49-1 at 5.)  Indeed, the Superior Court of Pennsylvania concluded that Petitioner could not qualify for the "newly-discovered fact exception to the PCRA time-bar" because he "knew of the destruction of his blood samples for more than six and one-half years prior to the expiration of his one-year PCRA filing period." *Sims*, 2017 WL 6523381, at *5.  Thus, Petitioner has not demonstrated that he is entitled to belated commencement of the limitations period pursuant to § 2244(d)(1)(D). Accordingly, Petitioner's § 2254 petition is barred by the statute of limitations unless he can establish that he is entitled to equitable tolling.[2]

C. **Equitable Tolling**

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances

---

[2] Petitioner does not argue for, and nothing in the record supports, belated commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(C).

11

stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. *See Pace*, 544 U.S. at 418.

In his § 2254 petition, Petitioner appears to suggest that he is entitled to equitable tolling because he appealed the judgment of his conviction without "the aid and assistance of trained counsel." (Doc. No. 1 at 13.) Petitioner avers that the trial court did not provide reasoning for denying him a hearing regarding the blood samples and that the Superior Court tried to "block" his appeal. (*Id.* at 14.) He also asserts that he was denied counsel during his first PCRA and that denial of PCRA relief cannot stand because he was not afforded assistance from counsel. (Doc. No. 24.) Petitioner reiterates his argument regarding the denial of assistance from

counsel in his traverse.  (Doc. No. 55.)  Petitioner does not explain, and the Court does not discern, how these factors affected Petitioner's ability to file a timely § 2254 petition and, therefore, entitle him to equitable tolling of the limitations period.  *Cf. Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (concluding that equitable tolling was not warranted where alleged negligence of counsel in failing to perfect a timely appeal and failing to provide case files to petitioner in a time manner had little to no bearing on petitioner's ability to file a timely federal habeas petition).  Moreover, even if Petitioner had established extraordinary circumstances, he has not shown that he acted with reasonable diligence to justify the application of equitable tolling.  *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (noting that, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing").  Rather than file a timely § 2254 petition, Petitioner has spent the past several years, as noted above, unsuccessfully pursuing relief in the state courts.[3]

---

[3] In his traverse, Petitioner asserts that he attempted to file a habeas corpus petition with this Court on September 12-13, 2016, but "was informed by the Clerk that the number listed on the documents [was] not listed in the Middle District of Pennsylvania.  (Doc. No. 55 at 2.)  Petitioner's exhibits indicate that he submitted a "motion for leave to amend" and a "motion for stay in abeyance" to this Court, but that those documents were returned because the case numbers listed on them were not cases pending in this Court.  (Doc. No. 55-1 at 13-20.)  Petitioner, however, provides no

13

The Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Such claims, however, are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, the petitioner must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (*i.e.*, a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (citing *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018)).

As an initial matter, Petitioner avers that he has withdrawn his "actual innocence" claim, but cites to *McQuiggin* as a basis for equitable tolling. (Doc. No. 28 at 1.) According to Petitioner, "[h]ad the Commonwealth not destroyed the alleged blood samples (DNA evidence), the outcome of the trial may have been different had appointed counsel raised the issue." (*Id.*) As noted *supra*, however, evidence regarding the destruction of Petitioner's blood samples is not new

---

explanation for why he did not attempt to submit a proper § 2254 petition to this Court before 2020. Moreover, even if Petitioner's 2016 filings had been accepted as a habeas corpus petition, they would still be untimely because, as noted *supra*, the statue of limitations expired on May 30, 2016.

evidence. Petitioner knew that the blood samples had been destroyed three (3) years before his trial. While Petitioner asserts that he would not have been convicted had such evidence been submitted to the jury, he fails to present any new evidence of his innocence. *See Wallace*, 2 F.4th at 151. Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists

of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## V.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed as untimely and a COA will not issue. Petitioner's motion to amend (Doc. No. 56) will be denied. An appropriate Order follows.

                                                   s/ Sylvia H. Rambo
                                                   United States District Judge

Dated: December 7, 2021